IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, #B-52081, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-976-JPG |
| ) | |
| WARDEN BUTLER, ) | |
| DIETARY SUPERVISOR, CHAPLAIN, ) | |
| SALVADOR GODINEZ, and ) | |
| C/O FITZGERALD, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Durwyn Talley, currently incarcerated at Menard Correctional Center ("Menard"), has filed a motion for temporary restraining order and preliminary injunction. (Doc. 1). Among a lengthy list of claims, Plaintiff alleges that he has been denied a kosher diet, free and regular ink pens, and his television.

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, this is impossible to do because Plaintiff has not filed a complaint. The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory Committee Notes, 1937 Adoption. Although Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. 1) generally describes several potential claims, it cannot suffice as a complaint.[1]

---

[1] The Court is aware that Plaintiff has two other lawsuits pending in this courthouse, *See Talley v. Godinez*, 14-cv-948-MJR (filed August 29, 2014) and *Talley v. Hodge*, 11-cv-1001-SCW (filed November 10, 2011). While there is some overlap between the named defendants and claims in this case and *Talley v. Godinez*, 14-cv-948-MJR, there is

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). The requirement that all plaintiffs must file a complaint is a fundamental rule in our legal system and for good reason. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine what causes of action Plaintiff intends to assert against which Defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Here, the caption of the motion for temporary restraining order and preliminary injunction (Doc. 1) refers only to "Warden Butler, et al."[2] (Doc. 1, p. 1). The pleading itself does little to clarify which claims are related to which Defendants. The Court simply cannot consider an application for injunctive relief in the absence of a complaint, which identifies the person(s) responsible for each asserted claim.

The Court will allow Plaintiff an opportunity to cure the defects in his pleading by filing a complaint within 35 days of the entry of this order. Plaintiff is reminded that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's form complaint as he prepares his pleading. Plaintiff must clearly identify which claim(s) he is bringing against which Defendant(s). In particular, the allegations should demonstrate which Defendant(s) are

---

enough difference that the Court is proceeding under the assumption that Plaintiff did, in fact, intend to file an entirely independent and separate action, in part because he filed a motion to proceed *in forma pauperis* in this case. *See* Doc. 2.

[2] The Court was able to ascertain the name of the other Defendants only by referring to the caption on the motion to proceed *in forma pauperis*. (Doc. 2, p. 1).

personally responsible for any claimed violation of his constitutional rights.

Plaintiff is further reminded that he may not bring several unrelated claims against different Defendants. Such unrelated matters are subject to severance into one or more separate actions. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). If Plaintiff wishes to avoid severance, and the filing fees which shall attach, he should limit his complaint to claims that are factually and legally related.

Without expressing any opinion on the ultimate merits of Plaintiff's claims for relief, the Court concludes that neither a temporary restraining order nor a preliminary injunction should be issued in this matter at this time.

**IT IS THEREFORE ORDERED** that the motion for temporary restraining order and preliminary injunction (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within 35 days of the date of this order (on or before **November 4, 2014**), Plaintiff shall file a complaint, thereby properly initiating an action. If Plaintiff still seeks injunctive relief, he must file a new motion. Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction. Such a dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven**

**(7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 30, 2014**

    s/ J. Phil Gilbert
    United States District Judge