**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DURWYN TALLEY, #B-52081,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-976-JPG** |
| | ) | |
| **WARDEN BUTLER, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Durwyn Talley, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initially filed only a motion requesting immediate injunctive relief. (Doc. 1).  In an Order dated September 30, 2014 (Doc. 10), the Court advised Plaintiff that he must first file a complaint in compliance with Rule 3 of the Federal Rules of Civil Procedure, before the Court could conduct a preliminary review of the case, as required by 28 U.S.C. § 1915(A).  The Court explained in detail the importance of the complaint and provided guidance on what the complaint should contain.  The Court denied without prejudice the motion for immediate injunctive relief (Doc. 1) and ordered Plaintiff to file a complaint by November 4, 2014.  Plaintiff has complied. (*See* Doc. 11).

The matter is now before the Court for review of Plaintiff's complaint.  (Doc. 11).  The complaint outlines multiples claims against nine Defendants.    Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a).    The Court is required to dismiss any portion of the complaint that is legally

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action fail to state a claim and are thus subject to dismissal.

## **Discussion**

Plaintiff's complaint asserts multiple claims, many of which are wholly unrelated except for his assertion that Defendant Butler (head warden) is responsible for supporting, condoning,

or perpetuating policies that resulted in the various violations.  Plaintiff is reminded that he may not bring several unrelated claims against different Defendants.  Such unrelated matters are subject to severance into one or more separate actions.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).  In the future, Plaintiff is warned that if he wishes to avoid severance, and the filing fees which shall attach, he should limit his complaint to claims that are factually and legally related.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.  The facts related to each claim are summarized below:

**Count 1:      Denial of Kosher Diet**

Plaintiff claims that he was denied his religious kosher diet from April 9, 2014 until July 1, 2014. (Doc. 11, p. 10).  Plaintiff asserts that the head chaplain and "warden"[1] ignored his requests and grievances during that time.   In July 2014, Plaintiff received a kosher diet. However, beginning in August 2014 until the present time, Plaintiff maintains that he has been served "spoiled, nasty-smelling, and nasty-tasting non-kosher" food that has made him vomit, given him headaches and severe stomach pain, and caused him to lose over 20 pounds.  *Id.* Plaintiff further states that this is a custom or policy adopted by Defendants Butler (head warden), previous warden, dietary supervisor, the head chaplain, and Godinez (director of Illinois Department of Corrections ("IDOC")).  *Id.*

---

[1] Plaintiff names Warden Butler and the "previous warden" as Defendants; it is unclear which "warden" Plaintiff is referring to here.

**Count 2:        Conditions of Confinement**

Plaintiff claims that while in segregation he has been denied the right to purchase basic necessities (i.e., t-shirt, underwear, and shower shoes). *Id*. He also asserts that Defendant Hill and the segregation property officer have not allowed him to retrieve such necessities from his personal property. *Id*. Moreover, Plaintiff states that he has been forced to sleep on a "urine and feces-stained mattress with no mattress covering" for the past six months. *Id*. In addition, Plaintiff asserts that he has been denied sufficient cleaning supplies and the water in his cell is "foul-smelling." *Id*. at 12. He also complains that there are no security buttons inside the cells and that there are no correctional officers stationed on the galleries. *Id*. Plaintiff maintains that these conditions are a result of policies adopted by Defendant Butler and the previous warden. *Id*. at 11. Plaintiff has filed grievances with Defendant Butler and the previous warden regarding the conditions, but they have ignored his grievances and failed to address the issues. *Id*.

**Count 3:        Retaliation**

Plaintiff asserts that various prison officials have retaliated against him for filing grievances and lawsuits. Specifically, Plaintiff alleges that Defendant Butler has a policy of allowing inmates in segregation who have gone 60 days without a ticket access to their television, but that Butler has denied Plaintiff his television and other audio-visuals in retaliation for Plaintiff filing grievances and lawsuits. *Id*. Plaintiff alleges that other inmates with similar or worse charges have received their televisions within two months, whereas Plaintiff has been in segregation for seven months and still has not been given access to his television. *Id*.

Plaintiff further maintains that "prison staff" at Menard and Danville conspired against him by confiscating his books and "adult magazines by women" when he was transferred from Danville to Menard as "part of a state-wide custom and policy of retaliation against the plaintiff."

*Id.*

### Count 4:        Delays in Incoming and Outgoing Mail

Plaintiff claims that Defendants Butler, the previous warden, and Godinez have adopted a policy of delaying the incoming and outgoing mail of Plaintiff and other inmates in segregation, sometimes for over a month.  *Id.*

### Count 5:        Interference with Access to Courts

Plaintiff alleges that Defendants Butler, the previous warden, Counselor Hill, Clendenin (law librarian), and Godinez have also established a policy of denying Plaintiff and other segregation inmates sufficient (and/or timely) access to pens, paper, money vouchers, grievances, legal research, and his own legal documents, which hampers Plaintiff's access to the courts.  *Id.* at 11.  Moreover, Plaintiff claims that Defendants allow Plaintiff (and other inmates in segregation) to spend only $15.00 a month at the commissary in violation of IDOC's own rules and regulations.  This limit on spending at the commissary, Plaintiff asserts, further hinders his ability to access the courts because he is unable to buy the supplies he needs to litigate.  *Id.*

### Count 6:        Mishandling of Grievances

Plaintiff alleges that "prison staff" have thrown away or ignored every emergency grievance Plaintiff has submitted.  *Id.* at 12.  Plaintiff maintains that this is a policy and practice adopted by the institution.

<u>**Discussion**</u>

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated the following colorable federal claims, which shall receive further review:

**Count 1:** Against Defendants Butler, the previous warden, dietary supervisor, and head chaplain[2] for denying him a kosher diet in violation of the First Amendment. The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*,[3] does not provide a cause of action for money damages against officials in their individual capacity, *see Nelson v. Miller,* 570 F.3d 868, 886-89 (7th Cir. 2009), or official capacity, *see Sossamon v. Texas*, 131 S. Ct. 1651, 1655 (2011). Therefore, Plaintiff may not pursue a claim for damages against any Defendants under RLUIPA. However, Plaintiff may pursue injunctive relief under both the First Amendment and RLUIPA against Defendant Butler, in her official capacity only;[4]

**Count 2:** Against Defendants Butler, the previous warden, the segregation property officer,[5] and Hill for unconstitutional conditions of confinement in violation of the Eighth Amendment;

**Count 3:** Against Defendant Butler for treating Plaintiff differently than other inmates in segregation in retaliation for Plaintiff filing grievances and lawsuits in violation of the First Amendment. Plaintiff also asserts a general claim against "prison staff" at Danville and Menard Correctional Centers, but does not name them as Defendants in the caption. Under 28 U.S.C. § 1983, only individuals may be held liable, not groups. *See Will v. Michigan Dep't of State*

---

[2] Plaintiff has not provided the name of the previous warden, the dietary supervisor, and head chaplain. The Seventh Circuit has held, however, that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "[E]ventually the plaintiff must discover the names of the defendants in order to serve summonses on them . . . . But his initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit." *Billman v. Indiana Dept. of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995).

[3] Plaintiff also refers to the Religious Freedom and Restoration Act, but the Supreme Court has held that RFRA may not be applied against state or local governments. *See City of Boerne v. Flores*, 521 U.S. 507 (1997).

[4] Typically, in a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated.

[5] As with the other unnamed Defendants, Plaintiff will be afforded an opportunity to engage in limited discovery to identify this individual by name.

*Police*, 491 U.S. 58, 70 (1989).  All claims against "prison staff" shall be dismissed without prejudice to Plaintiff filing an amended complaint identifying individual staff members who he asserts were responsible.

**Count 4:** Against Defendants Butler and the previous warden for adopting a policy of delaying Plaintiff's incoming and outgoing mail in violation of the First Amendment.

**Dismissed Claims**

Plaintiff fails to state a claim upon which relief may be granted for interfering with Plaintiff's ability to access the courts (Count 5) and for failing to properly handle his grievances (Count 6).  These claims shall be dismissed from this action for the reasons that follow.

In addition, Plaintiff fails to state a claim upon which relief may be granted against Defendant Godinez.  Plaintiff includes Godinez as a defendant in several of the counts, but he fails to explain how Godinez was personally involved in any of the alleged unconstitutional activities.  Presumably he names Godinez as a Defendant simply because he is director of the Illinois Department of Corrections.

However, there is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  A civil rights action against state officials under 42 U.S.C. § 1983 is "a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)); *see also Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005).  Unlike Warden Butler and the previous warden, Plaintiff does not

claim that he informed Defendant Godinez about any of his claims or that Defendant Godinez ignored his requests for relief.  As such, all claims against Defendant Godinez shall be dismissed and he shall be dismissed as a Defendant from this action.

Further, Plaintiff lists Counselor Nippi and C/O Fitzgerald[6] as Defendants in the caption, but makes no allegations against either of them in the body of the complaint.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendants Nippi and Fitzgerald will also be dismissed from this action.

**Count 5:       Interference with Access to Courts**

In order to proceed on an access to courts claim, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."  *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

---

[6] Although C/O Fitzgerald is listed in the caption, Plaintiff states at the end of his complaint, "C/O Fitzgerald will not be in this complaint." (Doc. 11, p. 16).

Although Plaintiff describes several policies adopted by Defendants that he believes interferes with his ability to litigate, Plaintiff does not allege, and the complaint does not suggest, that he has suffered *actual prejudice* in any of his pending cases.  Accordingly, **Count 5** shall be dismissed without prejudice against all Defendants.  As this is the only claim against Defendant Clendenin, she will also be dismissed from this action.

**Count 6:         Failure to Respond to Grievances**

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992).  *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  As such, Plaintiff's allegation that prison officials have failed to respond to his grievances fails to state a claim.  **Count 6** shall be dismissed against all Defendants.

**Request for Immediate Injunction**

In his prayer for relief, Plaintiff requests monetary damages, as well as "an immediate injunction on all of the aforementioned." (Doc. 11, p. 17).  This is the only mention of immediate injunctive relief made throughout the entire complaint, and except for a request for an immediate transfer to another prison, Plaintiff fails to specify what precisely he seeks to enjoin.

The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in

original)).  As to the serious nature of Plaintiff's request, the Court notes that in both Plaintiff's motion for immediate injunctive relief (Doc. 1), which the Court denied without prejudice, as well as the present complaint (Doc. 11), Plaintiff makes no attempt to discern between claims where more immediate injunctive relief *might* be appropriate (i.e., his claim that he has been denied a kosher diet) and claims that clearly do not warrant immediate relief (i.e., lack of access to his television).  The Court cannot be put in the position of guessing what relief Plaintiff seeks. Moreover, Plaintiff offers no documentation to support his request for this drastic remedy.  As such, without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court is of the opinion that neither a TRO nor a preliminary injunction should be issued in this matter at this time.

  If Plaintiff wishes to pursue a preliminary injunction or temporary restraining order, he may request either or both in a separate motion.  However, the motion should *specifically identify* what Plaintiff seeks to enjoin and any relevant facts in support of the motion.  Plaintiff should bear in mind that a TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice **only** if:

> (A) specific facts in an affidavit or a verified complaint clearly show that **immediate and irreparable injury, loss, or damage** will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added).  Likewise, in considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

## Pending Motions

Plaintiff has filed a motion for status update in which he requests copies of any filings by the Court or attorneys. (Doc. 12).  Since the Court's last Order (Doc. 10), which Plaintiff confirms he received, no additional Orders or documents have been filed.  The current order serves as an update on the status of this case, and will be delivered to Plaintiff.  As such, Plaintiff's motion is **DENIED** as **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **GODINEZ, NIPPI,** and **CLENDININ** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his claim for damages on the following claims: **COUNT 1** against Defendants **BUTLER, PREVIOUS WARDEN, DIETARY SUPERVISOR,** and **HEAD CHAPLAIN**; **COUNT 2** against Defendants **BUTLER, PREVIOUS WARDEN, SEGREGATION PROPERTY OFFICER,** and **HILL**; **COUNT 3** against Defendant **BUTLER**; and **COUNT 4** against Defendant **BUTLER** and **PREVIOUS WARDEN**.

**IT IS FURTHER ORDERED** that Plaintiff may proceed on his claims for injunctive relief on **COUNTS 1, 2, 3,** and **4** against Defendant **BUTLER**, in her official capacity.

**COUNT 5** is **DISMISSED** without prejudice and **COUNT 6** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendants **BUTLER** and **HILL**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **PREVIOUS WARDEN, DIETARY SUPERVISOR, HEAD CHAPLAIN,** and **SEGREGATION PROPERTY OFFICER** until such time as Plaintiff has identified these Defendants by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: December 22,2014**

        *s/J. Phil Gilbert*
        United States District Judge