IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-976-RJD |
| | ) | |
| WARDEN BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on several pending motions filed by Plaintiff Durwyn Talley (Docs. 153, 154, 160, 161, 162, 165, 166, 167, 170, 172, 173, 178, 189, 190, and 197). Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is proceeding in this matter on the following claims:

Count One: First Amendment claim against Defendants Butler, Newby, and Harner for denying Plaintiff a kosher diet.

Count Two: Eighth Amendment unconstitutional conditions of confinement claim against Defendants Butler, Hill, and Nagel.

Count Three: First Amendment retaliation claim against Defendant Butler for treating Plaintiff differently than other inmates in segregation for filing grievances and lawsuits.

Count Four: First Amendment retaliation claim against Defendant Butler for adopting a policy of delaying Plaintiff's incoming and outgoing mail.

The Court has reviewed Plaintiffs' motions and any responses thereto, and its rulings are set forth as follows.

1. **Motion to Reinstate Count 5 of the Complaint (Doc. 153)**

During its threshold review of Plaintiff's complaint, the Court dismissed without prejudice

Count Five, in which Plaintiff complained about interference with his access to the Courts (*see* Doc. 13). In the threshold Order, the Court remarked that although Plaintiff described several policies that he believed interfered with his ability to litigate, he did not allege that he suffered actual prejudice as a result of the policies in any of his pending cases. Accordingly, he was not allowed to proceed on a claim of interference with access to the courts.

Plaintiff now asks the Court to reinstate this claim asserting that the threshold order erred in interpreting it. Specifically, Plaintiff contends that he was not attempting to bring just a policy claim, but rather, was alleging a retaliation claim against defendants who denied him access to legal boxes and legal materials. Plaintiff asserts that inmates in segregation were denied such materials to punish them for writing grievances and complaints and to prevent them from filing any complaints. Plaintiff seeks to name Defendants Butler, Hill, and Nagel in this count.

Plaintiff is, in effect, asking the Court to amend his complaint to include an additional claim of retaliation. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's request to proceed on an additional claim of retaliation must be denied. First,

Plaintiff's request is unduly delayed. Discovery in this matter has closed and the deadline to file dispositive motions has passed. Indeed, this matter is set for trial on June 4, 2018. Plaintiff has not explained why he was delayed in filing his motion. The Court's threshold order was filed on December 23, 2014, and Plaintiff's motion was not filed until January 26, 2018. Although the Court notes Plaintiff was previously represented by counsel in this matter, he was proceeding pro se until April 20, 2017. Accordingly, he had ample time and opportunity to seek leave to amend his complaint in a timely manner.

Moreover, Plaintiff's motion must be denied because allowing him to proceed on his newly-articulated retaliation claim would be futile. Although only notice pleading is required, it is helpful to understand that to prevail on a First Amendment retaliation claim a plaintiff must show: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted). Because Plaintiff fails to allege that he engaged in activity protected by the First Amendment and that such activity motivated a defendant to take an adverse action against him, he may not add his retaliation claim to this lawsuit.

Plaintiffs' Motion to Reinstate Count Five of the Complaint (Doc. 153) is **DENIED**.

2. **Motion for a Copy of the Three Court Orders regarding the Court's Merit-Review Orders regarding the 2nd and 3rd Amended Complaints Filed in this Matter (Doc. 154)**

In this motion, Plaintiff explains that he has not received merit-review orders on the amended complaints filed in this matter. Plaintiff also indicates that he is missing discovery from defendants, including guard and prison logs related to requests to review legal materials and legal

boxes, requests for the law library, sign-in logs for the law library and legal boxes, information on the lead water and lead piping at Menard, and information regarding Kosher food trays served to segregation inmates.

With regard to the Court's merits review orders, Plaintiff is advised that only one merit review was completed. His request for a copy of the same is **GRANTED**. The Clerk of Court is directed to provide Plaintiff a courtesy copy of the merit review order in this case (Doc. 13). Although Plaintiff was granted leave to amend his complaint, it was only for the purpose of identifying the unknown defendants. Accordingly, the claims set forth in the Court's merit review order are the claims that remain pending.

Insofar as Plaintiff asks that the Court order Defendants to send him the above-mentioned discovery materials, his request is **DENIED**. Plaintiff has not sought to compel production of the discovery documents, and it is not clear to the Court whether the materials are simply missing, or whether they were never produced, or never requested.

3. **Renewed Motion for a Copy of Plaintiff's Renewed Motion for Appointment-Substitution of Counsel Filed in January 2018, a Copy of Plaintiff's Objection Motions to the Court's Orders Given on January 2, 2018 and January 5, 2018, and Plaintiff's Other Motions (Doc. 160)**

Plaintiff indicates that the Court granted his motion for copies of certain filings in this matter, including his motions for substitution of counsel and objections to this Court's orders. Plaintiff contends that he has not received the documents. Plaintiff is **ADVISED** that copies of documents 118, 120-121, 123-124, and 126 were sent to Plaintiff on January 23, 2018. There is no indication in the docket that they were unable to be delivered. However, out of an abundance of caution, the Court will again provide copies of the documents Plaintiff describes. Accordingly, Plaintiff's Motion is **GRANTED**. The Clerk of Court is **DIRECTED** to send copies of Docs.

118, 120-121, 123-124, 126, and 142 to Plaintiff's last known address. Insofar as Plaintiff attached various summonses to his motion, it appears to have been in error as the summonses are directed at individuals who are not defendants in this lawsuit and it appears they should have been filed in the Circuit Court of the Eighth Judicial Circuit in Brown County, Illinois.

    4. **Motion for Court Order and Intervention (Doc. 161)**

In this motion, Plaintiff complains that Attorney Heather Kramer, appointed as standby counsel in this matter, has failed to respond to his letters and set a call up with him prior to the due date for his proposed final pretrial order. Plaintiff also complains that prison officials are preventing him from sending mail to his family and friends, as well as the Governor, the U.S. Attorney, attorneys, prison administration, the transfer coordinator, the attorney general, and many others. Plaintiff posits that his mailings are being stopped because staff and officials are trying to prevent him from getting affidavits. Plaintiff asks that the Court grant his motion in full, but fails to articulate the relief he seeks. Accordingly, his Motion is **DENIED**. Plaintiff is reminded that Attorney Kramer has been appointed only for limited purposes. Insofar as Plaintiff is having difficulty with mailings, the Court declines to interfere with the administration of IDOC institutions.

    5. **Motion for a Complete Copy of the Record Filed in this Case via Certified Mail Return Receipt (Doc. 162)**

Plaintiff asserts that he was made to pack up his legal materials, including the complete record in this case, on January 30, 2018, ahead of his court writ for the final pretrial conference (which setting was later cancelled), and he asks that the Court grant his motion in full and consider appointing counsel to this case. Plaintiff's Motion is **DENIED**. It is not clear from Plaintiff's filing whether he has since had his legal property returned to him. Further, the Court is not

inclined to appoint him counsel in this matter given its posture and the circumstances under which his previous counsel was allowed to withdraw.   This Court has already appointed standby counsel to assist Plaintiff at trial, which is currently set for June 4, 2018.

Finally, the Court notes that attached to Plaintiff's Motion is what appears to be the draft of a complaint in which Plaintiff alleges he faces imminent danger.  The Complaint is against individuals who are not defendants in this action and appears to have no relation to this action. Moreover, it is captioned for the Central District of Illinois.   Plaintiff is **ADVISED** that he cannot file a new complaint in this matter.  If Plaintiff seeks leave to bring another action he must go through the proper channels.

6. **Motion to Add Exhibit to Original Motion for a Copy of the Entire Record which Prison Officials Failed to E-File with Motion Deliberately on February 2, 2018 (Doc. 165)**

Plaintiff seeks leave to add a number of exhibits to his Motion for a Copy of the Record (Doc. 162).   Plaintiff's Motion is **DENIED**.  The exhibits Plaintiff seeks leave to file are petitions of mandamus to be filed in the Circuit Court of Brown County, Illinois and Cook County, Illinois, and affidavits complaining about the actions of staff at Western Illinois Correctional Center.   The exhibits are not directly relevant to Plaintiff's Motion for Copy, and the Court finds they have no bearing on its decision.

7. **Additional Renewed Motion for Appointment of Counsel (Doc. 166)**

In this motion, Plaintiff again complains that staff and officials schemed, conspired, and took his legal materials related to this case on January 30, 2018.   Plaintiff asks that his motion be granted in full (although his requested relief is not clearly articulated) because counsel had prepared a record with new materials that were produced, as well as trial practice guides and materials provided by Stanley Wasser and James Chapman.  Plaintiff's Motion is **DENIED**.

The Court declines to reconsider its previous decision denying his request for new counsel given the posture of this case and the circumstances under which his previous counsel was allowed to withdraw. This Court has already appointed standby counsel to assist Plaintiff at trial. Further, it is not clear whether Plaintiff will have his files returned to him or when that will occur.

8. **Plaintiff's Permanent/Temporary Restraining Order and Preliminary Injunction (Doc. 167)**

In this motion, Plaintiff asks that the Court enter an order enjoining defendants Butler, Newby, Harner, Baldwin, Jennings, Watson, and all of their agents, from intercepting, altering, reducing, failing to file, and failing to provide him with complete copies of the filings in this matter. Plaintiff asserts that he has not been provided complete copies of filings for years, in violation of his due process and equal protection rights.

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct

the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. The Court notes that Plaintiff is currently incarcerated at Western Illinois Correctional Center ("Western Illinois CC"). Accordingly, the relief he seeks is necessarily directed at officials at Western Illinois CC as they have control over his mailings and other filings. Because the only named defendants in this action are all officials at Menard Correctional Center, they are not in a position to give Plaintiff the relief he is requesting. For this reason, Plaintiff's Motion is **DENIED**.

9. **Motions for Leave to Supplement the Complaint (Docs. 170 and 178)**

In these filings, which appear to be duplicative, Plaintiff seeks leave to supplement his complaint to add class action claims related to the lead piping system at Menard, as well as Menard's failure to install security buttons in the cells. Plaintiff contends that Menard has a lead piping system that has been dissolving into the water for over 20 years. Plaintiff further contends that he has expert knowledge that lead piping systems were banned throughout the United States

over 40 years ago. Plaintiff asserts that the piping issue, as well as the security button issue, should be added to his complaint because it relates back to the original pleading and defendants would not suffer any prejudice because no new defendants or plaintiffs would need to be added to the complaint. Defendants oppose Plaintiff's motion, arguing it would be severely prejudicial to them to allow Plaintiff to amend at this late juncture.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's attempt to amend his complaint must be denied. Plaintiff's request is unduly delayed, as this matter is currently set for trial on June 4, 2018. Moreover, allowing Plaintiff to amend at this time would be unfairly prejudicial to defendants, particularly if Plaintiff is allowed to include class action allegations, as it would require significant further discovery. Because Plaintiff's undue delay in seeking leave to amend his complaint would unfairly prejudice Defendants, his Motion is **DENIED** (Doc. 170).

10. **Plaintiff's Motions for Urgent Permanent Injunction and Permanent Restraining Order (Docs. 172 and 173)**

In these filings, which appear to be duplicative, Plaintiff asks the Court to enter a permanent injunction and permanent restraining order pursuant to Rule 65(a) of the Federal Rules of Civil Procedure ordering Defendants Butler, Lashbrook, Baldwin, and their agents to replace the lead piping plumbing system at Menard. In support of his motion, Plaintiff contends that he has knowledge that Menard was built over 100 years ago with a lead piping system that is dissolving into the water. Plaintiff contends that Menard said it would replace its piping and plumbing system as far back as 2001, but there has been no such replacement. Accordingly, he alleges that officials are putting all the inmates at Menard at a risk of serious harm.

Although captioned as a motion for permanent injunction and permanent restraining order, the Court construes Plaintiff's requested relief as a motion for preliminary injunction and temporary restraining order in light of his reference to Rule 65(a) and his seeking "urgent" relief. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct

the harm . . . ," and "be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

In this instance, the Court's analysis of whether Plaintiff has met his threshold burden of demonstrating a need for a preliminary injunction is curtailed in light of his transfer from Menard to his current institution, Western Illinois Correctional Center.  Plaintiff submitted a notice of change of address with the Court on October 16, 2017 (*see* Doc. 117).  Plaintiff remains incarcerated at Western Illinois CC to date.  It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot.  *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).  Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred."  *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).  Here, there is no evidence that Plaintiff is likely to be transferred back to Menard.  Accordingly, Plaintiff's request for injunctive relief is moot.

11. **Plaintiff's Motion to the Court to Subpoena and Appoint a United States Environmental Protection Agency Expert for Trial for the Issue of Lead Plumbing Systems, Tainted Water, Etc. (Doc. 189)**

Plaintiff asks the Court to appoint and subpoena an EPA expert to testify at trial about lead plumbing systems in the United States, tainted water, and their effects on humans.  Plaintiff asserts that Defendants have admitted they have a lead plumbing system in other cases.  Plaintiff's Motion is **DENIED**.  Plaintiff has failed to provide the Court with any authority that

would require, or allow, it to seek out and retain an environmental expert on his behalf. Moreover, Plaintiff's request is out of time. Discovery in this matter has closed and trial is set for June 4, 2018.

**12. Motions for Substitution of Judges (Docs. 190 and 197)**

In these filings, which appear to be duplicative, Plaintiff asks for a substitution of judges in this case asserting that he did not consent to a referral to the magistrate judge for trial proceedings. Plaintiff also complains that the undersigned misled him in order to have him withdraw his motion for substitution of counsel and indicated that appointed standby counsel did not have to set up calls with him to prepare for trial. Plaintiff also asserts that new counsel, not just standby counsel, should have been appointed after his former counsel was allowed to withdraw and complains about the undersigned's denial of his requests for new counsel. Plaintiff also complains that the undersigned has not allowed him to add a water claim to his complaint.

The Court construes Plaintiff's request as a motion seeking disqualification of the undersigned pursuant to 28 U.S.C. § 455 or 28 U.S.C. § 144. Sections 455(a) and 144 provide for disqualification of a judge where his or her impartiality might reasonably be questioned or where there is personal bias or prejudice against the moving party or in favor of the adverse party. *See* 28 U.S.C. §§ 455(a), 144. An unfavorable ruling does not provide evidence of bias where the decision is supported by the law and facts. *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). The decisions about which Plaintiff complains, though unfavorable to him, are supported by the applicable law and facts. Further, Plaintiff filed his consent to proceed before a magistrate judge in this case on September 12, 2014 (*see* Doc. 4). Pursuant to the Notice and Consent signed by Plaintiff, such consent operates to allow the magistrate judge to "conduct all proceedings in this case including trial, entry of final judgment, and all post-trial proceedings." An order of final

judgment may be appealed directly to the United States Court of Appeals for the Seventh Circuit like any other judgment of the Court. Accordingly, the undersigned properly considered the motions filed by Plaintiff. For these reasons, Plaintiff's Motions are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 10, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**