IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:14-cv-976-RJD |
| | ) |
| WARDEN BUTLER, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on Plaintiff's Motion for Issuance of Subpoenas (Doc. 243). In this motion, Plaintiff seeks to subpoena a number of persons to provide testimony at trial. The Court considers each request and sets forth its rulings as follows.

1. Menard's plumber. At the final pretrial conference, Plaintiff identified this person as Steve Wallace. Mr. Wallace is an engineer at Menard in charge of maintenance. Defendants indicate they will be calling Mr. Wallace for their case. Plaintiff may also question Mr. Wallace. As Mr. Wallace will be appearing at trial, Plaintiff's request for a subpoena is **MOOT**.

2. Jennifer Clendenin. Plaintiff asserts that Ms. Clendenin was the law librarian at Menard while he was at that facility and will be able to testify about the process for submitting legal filings and distributing filings from the law library. Plaintiff contends Ms. Clendenin's testimony will support his First Amendment retaliation claim at Count Four whereby he alleges Defendant Butler adopted a policy of delaying his incoming and outgoing mail. The Court has reviewed Plaintiff's complaint and the Court's threshold order and finds that

the testimony he seeks from Ms. Clendenin is not relevant to Count Four. Count Four makes no reference to a delay in receipt of legal filings. Rather, it is limited to delays with incoming and outgoing mail. It appears that Plaintiff's issues concerning the law library were considered and dismissed by the Court in Count Five. For these reasons, Plaintiff's motion to subpoena Jennifer Clendenin is **DENIED**.

3. Trevor Chandler. Plaintiff seeks to call Mr. Chandler who is the law librarian at Western Illinois Correctional Center, where Plaintiff is currently incarcerated. The Court finds that Mr. Chandler will not offer testimony relevant to the claims in this lawsuit and, as such, Plaintiff's motion to subpoena him is **DENIED**.

4. Jacqueline Lashbrook. Plaintiff seeks to subpoena Ms. Lashbrook, the former assistant warden at Menard, to testify about the conditions of his confinement and, in particular, issues he incurred with gaining access to his legal boxes. Plaintiff contends this testimony supports his claims in Count Two. A review of Plaintiff's complaint and the Court's screening order establishes that issues with Plaintiff's access to his legal boxes was considered and dismissed by the Court in Count Five. As Plaintiff is not proceeding on a claim related to an issue with access to his legal boxes, his motion to subpoena Lashbrook is **DENIED**.

5. Justin Coughlin. Plaintiff explains that Mr. Coughlin is an EPA specialist who will testify about the treatment for 100 year-old lead piping that is dissolving in the water at Menard. The testimony Plaintiff expects to elicit from Mr. Coughlin is expert testimony and Plaintiff failed to timely produce an expert disclosure and report in this matter for Mr. Coughlin. Further, it is not apparent that the subpoena Plaintiff seeks to issue would conform to Rule 45(c) of the Federal Rules of Civil Procedure. For these reasons,

Plaintiff's motion to subpoena Justin Coughlin is **DENIED**.

6. Scott Pruitt. Plaintiff explains that Mr. Pruitt, like Mr. Coughlin, will testify about the treatment for 100 year-old lead piping that is dissolving in the water at Menard. Again, the testimony Plaintiff expects to elicit from Mr. Pruitt is expert testimony and Plaintiff failed to timely produce an expert disclosure and report in this matter for Mr. Pruitt. Further, it is not apparent that the subpoena Plaintiff seeks to issue would conform to Rule 45(c) of the Federal Rules of Civil Procedure. For these reasons, Plaintiff's motion to subpoena Scott Pruitt is **DENIED**.

7. Gwyneth Taylor. Ms. Taylor is associated with the John Howard Association. Plaintiff asserts she will testify about the conditions of Menard as she authored a report concerning the same. Plaintiff has not demonstrated that Ms. Taylor has any personal knowledge of the conditions he complains of in this case. Accordingly, the Court finds she cannot provide testimony relevant to Plaintiff's claims. Plaintiff's motion to subpoena Gwyneth Taylor is **DENIED**.

8. John Maki. Mr. Maki is also associated with the John Howard Association. Similar to Ms. Taylor, Plaintiff asserts Mr. Maki authored a report concerning the water at Menard. Again, because Plaintiff has not demonstrated that Mr. Maki has any personal knowledge of the conditions he complains of in this case, his motion to subpoena him is **DENIED**.

9. Joseph Shapiro. Mr. Shapiro is associated with The Marshall Project and Plaintiff asserts he will testify about the violence at Menard. Plaintiff has failed to demonstrate how Mr. Shapiro's testimony will relate to his conditions of confinement claim as it does not appear he has any personal knowledge of Plaintiff's conditions. Moreover, it is not apparent that the subpoena Plaintiff seeks to issue would conform to Rule 45(c) of the Federal Rules of

Civil Procedure. For these reasons, Plaintiff's motion to subpoena Joseph Shapiro is **DENIED**.

10. Christie Thompson. Ms. Thompson is also associated with The Marshall Project and Plaintiff claims she will also testify about the violence at Menard as it relates to the lack of security buttons in the cells. For the reasons set forth above with regard to Mr. Shapiro, the Court also **DENIES** Plaintiff's motion to subpoena Ms. Thompson.

11. Dr. Trost. Plaintiff seeks to subpoena Dr. Trost to testify about his GERD condition. He claims this goes to his issues in Count Two. Although Dr. Trost's testimony may be relevant, his disclosure of this witness and request to subpoena him is out of time. Accordingly, the Court **DENIES** Plaintiff's motion to subpoena Dr. Trost.

**IT IS SO ORDERED.**

**DATED: May 24, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**