IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-976-RJD |
| WARDEN BUTLER, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on motions in limine filed by Plaintiff Durwyn Talley (Doc. 138) and Defendants Butler, Harner, Hill, Nagel, and Newby (Docs. 143 and 220). The Court has reviewed the motions and any responses thereto, and sets forth its rulings as follows:

**Motions in Limine filed by Defendants (Docs. 143 and 220)**

1. Defendants seek to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health conditions. Defendants argue Plaintiff is not a physician or psychiatrist and any lay accounts proffered by him regarding the causation of any medical conditions should be barred.

    Plaintiff argues he should be able to testify about how he was affected by Defendants' misconduct and he should be allowed to testify about how his conditions of confinement affected him and his health. Plaintiff indicates he has expert testimony from Dr. Trost stating that Menard's water could have caused or worsened his GERD.

    Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff and his witnesses may testify as to their own personal experiences and observations, but they shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp"). Further, Plaintiff will not be allowed to call Dr. Trost given Plaintiff's late disclosure of this witness.

2. Defendants seek to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. Plaintiff indicates that if this motion applies to insurance, he objects only if he wins and Defendants do not want to disclose their insurance company. Defendants' Motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

3. Defendants seek to bar Plaintiff from offering the inadmissible hearsay statements of any medical or mental health professionals. Defendants argue any statements made by medical professionals to Plaintiff are inadmissible hearsay and cannot be used as evidence.

    Plaintiff argues that Defendants are aware of Dr. Trost's testimony regarding the water at Menard and the effects it may have had on his chronic GERD. Defendants' Motion is **GRANTED** over Plaintiff's objection, unless Defendants open the door on the topic.

4. Defendants seek to bar Plaintiff and his witnesses from testifying at trial regarding whether the defendants followed IDOC policies and procedures. Defendants argue violation of a policy does not make it more or less likely that their conduct violated Plaintiff's constitutional rights and introducing these policies would only confuse the issues in this case. Defendants' Motion is **GRANTED**. Plaintiff shall be barred from introducing testimony as to whether Defendants followed IDOC policies and procedures.

5. Defendants seek to bar Plaintiff from offering evidence or testimony of other lawsuits involving the defendants. Defendants argue that this evidence would lead to unfair prejudice, mislead the jury, and confuse the issues.

    Plaintiff contends he should be able to ask Defendants about other lawsuits as it may be used to support the claims against them. He contends it is character evidence and would show conformity therewith.

    Defendants' Motion is **GRANTED**. The Court finds that the introduction of evidence of other lawsuits would be more prejudicial than probative, unless, however, Defendants open the door on the topic.

6. Defendants seek to bar Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. Defendants contend such evidence is irrelevant and, even if it were relevant, the danger of unfair prejudice would outweigh its probative value.

    Plaintiff makes the same argument as above – that such evidence may be used to support the claims against Defendants and be used as character evidence. Defendants' Motion is **GRANTED** as such evidence would be more prejudicial than probative.

7. Defendants seek to bar Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. Defendants argue such an appeal is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than evidence.

   Plaintiff objects to the extent Defendants argue issues regarding the damages be based on a scenario where jurors hypothetically sustain injuries or damages similar to that sustained by Plaintiff. Plaintiff does not seem to understand this motion.

   A "golden rule" argument is "one which the jury is asked to put itself in the plaintiff's position[.]" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982). Courts have consistently held that golden rule arguments are improper because they ask jurors to "depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id*. (*quoting Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Examples of golden rule arguments include: (1) to ask jurors how much the loss of the use of their legs would mean to them, *Leathers v. Gen. Motors Corp.*, 546 F.2d 1083, 1085–86 (4th Cir.1976); (2) to tell jurors "do unto others as you would have them do unto you," *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53, 54 (7th Cir.1959); or (3) to tell jurors, in a reverse golden rule argument, "I don't want to ask you to place yourself in [the plaintiff's] position," *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 496 (5th Cir.1982). *Caudle v. D.C.*, 707 F.3d 354, 359 (D.C. Cir. 2013). Because such arguments are improper, Defendants' Motion is **GRANTED**.

8. Defendants seek to bar Plaintiff from offering evidence or testimony referencing the claims that are not contained within the Court's merit-review order. Defendants argue Plaintiff should be barred from testifying regarding claims that have been dismissed as it may confuse the issues or mislead the jury.

   Plaintiff argues he should be able to testify regarding Jennifer Clendenin to discuss his experience with dealing with her and the prison law library in being denied access to his legal boxes for over a year and having his mail and requests to and from the law library delayed.

   Defendants' Motion is **GRANTED**. The only claims pending in this lawsuit are the following:

   > Count One: First Amendment claim against Defendants Butler, Newby, and Harner for denying Plaintiff a kosher diet.
   >
   > Count Two: Eighth Amendment unconstitutional conditions of confinement claim against Defendants Butler, Hill, and Nagel. The following conditions were considered by the Court in its screening order and may be addressed during the trial: (1) Plaintiff's claim that he was denied the right to purchase basic necessities (i.e., t-shirt, underwear, and shower shoes), and was not allowed to retrieve these

necessities from his personal property; (2) Plaintiff's claim that he was forced to sleep on a urine and feces stained mattress with no mattress covering; (3) Plaintiff's claim that he was denied sufficient cleaning supplies; (4) Plaintiff's claim that the water in his cell was "foul smelling" and contaminated; (5) Plaintiff's complaint that there are no security buttons inside of the cell and on correctional officers stationed on the galleries.

Count Three: First Amendment retaliation claim against Defendant Butler for treating Plaintiff differently than other inmates in segregation for filing grievances and lawsuits by denying him access to his television and other audio-visuals.

Count Four: First Amendment retaliation claim against Defendant Butler for adopting a policy of delaying incoming and outgoing mail.

Plaintiff shall only be permitted to introduce evidence relevant to the above-mentioned claims and is barred for introducing testimony or evidence concerning any claims that have been dismissed.

9. Defendants seek to bar Plaintiff from testifying at trial as an expert regarding his contaminated water claim. Defendants contend that Plaintiff is not a water expert and should be barred from testifying as an expert regarding his contaminated water claim.

At the final pretrial conference, Plaintiff admitted he is not an expert. Defendants' Motion is **GRANTED**.

### Motions in Limine filed by Plaintiff (Docs. 138)

1. Plaintiff seeks to bar Defendants from introducing Plaintiff's prison disciplinary records, criminal background, or litigation history. Plaintiff argues evidence of other crimes, wrongs or acts is not admissible to prove his character or to show he acted in conformity therewith.

Defendants indicate they intend to introduce evidence that Plaintiff was denied access to his audio-visual equipment because of his prison disciplinary record, not because of retaliatory motive. They argue Plaintiff has not met his burden of showing that his disciplinary history is not admissible for any purpose and, therefore, his motion should be denied.

Defendants also argue Plaintiff's current convictions have probative value on the issue of Plaintiff's credibility and Plaintiff has not shown that he will suffer unfair prejudice that will substantially outweigh the probative value of his convictions.

With regard to litigation history, Defendants argue Plaintiff placed his litigation history at issue in this lawsuit as Count 3 alleges that Defendant Butler retaliated against him for

filing lawsuits and grievances.

With regard to Plaintiff's criminal convictions, Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's Motion as to this issue is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of a felony and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff is incarcerated.

As to Plaintiff's prison disciplinary records, his Motion is **GRANTED IN PART AND DENIED IN PART**. Defendants may only introduce records from March 2014, but shall be prohibited from introducing any other records.

Finally, as to Plaintiff's litigation history, his Motion is **TAKEN UNDER ADVISEMENT**. The Court will consider the admissibility of Plaintiff's litigation history at trial.

2. Plaintiff seeks to bar Defendants from introducing his medical records. Plaintiff contends such records are irrelevant to this case and they are untrustworthy as to their accuracy.

   Defendants indicate they do not intend to introduce Plaintiff's medical records and, as such, have no objection to the motion unless Plaintiff opens the door. Plaintiff's Motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: May 30, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**