## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DURWYN TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-976-RJD |
| | ) | |
| WARDEN BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

### INTRODUCTION

Plaintiff Durwyn Talley, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff proceeded to trial with the assistance of standby counsel on the following claims:

Count One: Defendants Kimberly Butler, Scott Harner, and Stan Newby denied his religious kosher diet from April 9, 2014 until July 1, 2014, in violation of the First Amendment.

Count Two: Defendants Kimberly Butler, Susan Hill, and Jamie Nagel subjected Plaintiff to unconstitutional conditions of confinement while he was housed in the segregation unit at Menard in violation of the Eighth Amendment.

Count Three: Defendant Kimberly Butler retaliated against Plaintiff for filing grievances and lawsuits by denying him access to his television in segregation, in violation of the First Amendment.

Count Four: Defendant Kimberly Butler delayed Plaintiff's incoming and outgoing mail in violation of the First Amendment.

Jury trial in this matter was held from June 4, 2018 to June 6, 2018. During trial, Plaintiff dismissed Count Three and the Court granted Defendants' Rule 50 motions on Count One as to

Defendant Newby, Count Two as to Butler and Nagel, and Count Four in its entirety (Doc. 272). Defendants' Rule 50 motion on punitive damages was also granted (*Id.*). Ultimately, the jury found in favor of Defendants Butler and Harner on Count One and in favor of Defendant Susan Hill on Count Two (Doc. 275). Final judgment was entered on June 6, 2018 (Doc. 279).

On June 14, 2018, Plaintiff filed a motion for a new trial (Doc. 285). Plaintiff brings his motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure citing a litany of errors which he argues denied him a fair trial. Defendants responded (Doc. 288) and Plaintiff filed a reply (Doc. 289). Plaintiff's motion is now before the Court. For the reasons set forth below, the motion is **DENIED**.

**LEGAL STANDARDS**

Rule 59 allows the Court to grant a new trial on all or some of the issues, for any reasons for which a new trial has been granted in federal court. FED. R. CIV. P. 59(a)(1)(A). "In ruling on a motion for a new trial under Rule 59(a), the Court must determine whether the jury verdict was against the weight of the evidence or if the trial was unfair to the moving party." *Purtell v. Mason*, No. 04 C 7005, 2006 WL 2037254, at 3 (N.D. Ill. July 18, 2006) (citing *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)).

In deciding whether a new trial is appropriate on fairness grounds, the Court must be guided by the principle that "civil litigants are entitled to a fair trial, not a perfect one," and "a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993).

Further, Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters

encompassed within the merits of a judgment). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St.,*

*Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

D<span style="font-variant:small-caps">ISCUSSION</span>

As a preliminary matter, the Court notes that Plaintiff's motion cites a litany of issues he contends were "errors at trial." Plaintiff fails to explain how many of the alleged errors he complains of prejudiced his preparation for trial or resulted in a manifest error of law or fact. Despite Plaintiff's failure to provide articulable argument on prejudice for a number of his concerns, the Court attempts to address each of the issues he sets forth in his motion.

**1. Defendant Butler's Testimony**

Plaintiff complains that Defendant Butler gave direct evidence supporting his claim that violence at Menard was serious, severe, and rampant, and there were no officers stationed on the galleries, no catwalks for officers to patrol, no security buttons inside the cells, and that the institution was understaffed. Plaintiff contends this evidence was sufficient to be sent to the jury, but the Court, on its own, dismissed this claim because Plaintiff did not say he was in fear for his life to Defendants.

Plaintiff misconstrues Butler's testimony as well as the Court's dismissal of Count Two as to Defendants Butler and Nagel. This claim was not dismissed by the Court *sua sponte*; but rather, the Court granted Defendants' motion for judgment as a matter of law under Rule 50. The basis for the dismissal was appropriate insofar as there was insufficient evidence to find that Defendants Butler or Nagel were personally involved or notified of the conditions of Plaintiff's confinement or any specific threat to his health or safety. A new trial is not warranted on this basis.

**2. Punitive Damages Instruction**

Plaintiff asserts the Court erred in not providing a punitive damages instruction, but fails to provide any substantive argument to support his assertion. Punitive damages may be assessed in

an action brought pursuant to § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Because there was not sufficient evidence that Defendants had evil motive or intent, or acted with reckless or callous indifference to Plaintiff's constitutional rights, there is not a sufficient basis for relief on this issue under Rules 59 or 60.

### 3. Missing Evidence Instruction

Plaintiff asserts that the Court erred in not issuing a jury instruction concerning missing evidence and by allowing Defendants to testify about things they could have, but failed to provide evidence to support. Plaintiff specifically complains that Defendants failed to provide him information on Menard's water and piping systems, documentation evidencing his requests for review of his legal boxes, documentation on the serving and purchase of kosher and other special diet trays, documentation on the purchase of new mattresses and the distribution of the same, guard logs, and documentation concerning personal property requests. Insofar as Plaintiff complains about Defendants' failure to provide certain documents during discovery, these issues were addressed by the undersigned prior to trial (*see* Docs. 233 and 266). The Court finds no compelling reason to reconsider its decision at this juncture and a new trial is not warranted on this basis. A missing evidence instruction would not have been appropriate in this instance as there is no basis for finding that Defendants intentionally lost or destroyed the evidence Plaintiff references.

### 4. Impeachment of Steve Wallace

Plaintiff complains that Steve Wallace was allowed to testify that Menard's piping system was made of PVC-plastic tubing and cast iron, but he was not allowed to impeach Mr. Wallace

with the case of *Carroll v. DeTella*, 255 F.3d 470, 471-72 (7th Cir. 2001), in which the record indicated that the water pipes at Menard were made of lead. The case of *Carroll v. DeTella* is not relevant to the determination of whether the Defendants violated Plaintiff's constitutional rights. Moreover, *Carroll* is not an appropriate mechanism for impeachment as Mr. Wallace was not in any way involved in that case. A new trial is not warranted on this basis.

### 5. Allowing Defendants to Remain in Court During Testimony of Other Defendants

Plaintiff asserts the Court erred in allowing the defendant witnesses to listen to and witness each other's testimony. He asserted this prejudiced him and helped defendants. Pursuant to Federal Rule of Evidence 615, at a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. But this rule does *not* authorize excluding a party who is a natural person. Accordingly, under FRE 615, removal of defendants during trial would not have been proper and a new trial is not warranted on this basis.

### 6. Grievances Signed by Defendant Butler and Evidence of Signature Authority

Plaintiff contends the Court erred in refusing to admit several grievances signed by Defendant Butler and allowing her to testify that she had authorized Assistant Warden Lashbrook to sign her name under her signature authority. Plaintiff complains that the Court allowed the signature authority document to be admitted into evidence without Lashbrook testifying as to the veracity of the document. Because Butler testified that Lashbrook had signed the grievances at issue under her signature authority and that she had no knowledge of the same, the Court does not find error in refusing to admit the grievances in the record. Moreover, admission of the signature authority document was appropriate as the foundation for admission was adequately laid by Defendant Butler. A new trial is not warranted on this basis.

### 7. The Undersigned's Demeanor toward Plaintiff at Trial

Plaintiff asserts that the Court repeatedly interrupted him at trial, acted angry at him in front of the jury, and stopped him from questioning the witnesses. Plaintiff also complains that the undersigned told the jury that Plaintiff was not killed or injured while he was questioning Defendant Butler. Plaintiff contends it was clear who the undersigned favored.

Plaintiff misconstrues the events in question. In order to maintain clarity and focus during the proceeding, the undersigned sparingly redirected Plaintiff as appropriate during his questioning of witnesses. Plaintiff's assertion that the undersigned told the jury he was not killed or injured during the questioning of Defendant Butler is an instance wherein redirection was appropriate and warranted (and the undersigned notes that Plaintiff fails to provide the context for his recollection of events). A new trial is not warranted on this basis.

### 8. Admission of Administrative Directives

Plaintiff argues the Court erred in refusing to admit many of IDOC's Administrative Directives while allowing Defendants to testify about the same. Plaintiff asserts the only Administrative Directives that were admitted related to grievances and were admitted by Plaintiff. Because Plaintiff does not cite how he was prejudiced by the refusal to admit many Administrative Directives and fails to articulate which directives he is referencing with any specificity, the Court finds a new trial is not warranted on this basis.

### 9. Dismissal of Certain Defendants and Claims

Plaintiff contends the Court erred in dismissing Defendant Newby from Count One because "he supported his testimony with no evidence," and Count Four because Butler testified that the mail was delayed and the delay impinged on the constitutional rights of inmates. The Court finds that granting judgment as a matter of law as to these claims and defendants was appropriate given the evidence in the record. A new trial is not warranted on this basis.

**10. Denial of Plaintiff's Subpoenas for Witnesses and Exhibits**

Plaintiff asserts that the Court erred in denying his subpoenas for witnesses. Plaintiff also contends the Court erred in denying admission of his medical records and his exhibits from the Environmental Protection Agency, the John Howard Association reports on the water, mail, and violence at Menard, and reports from the Marshall's Project on deaths and violence at Menard. Plaintiff provides no argument as to how the Court's denials prejudiced him. The Court finds that its rulings on these matters was well-founded and sees no basis on which to reconsider its previous decisions. A new trial is not warranted on this basis.

**11. Appointment of Counsel**

Plaintiff asserts the Court erred in only appointing him standby counsel for trial after his previous counsel was allowed to withdraw. Plaintiff complains that his previous counsel failed to pursue discovery on his water claims and the Court allowed counsel to withdraw and blamed Plaintiff. The Court determined that Plaintiff would not benefit from another assignment of counsel given his difficulties in working with previously appointed counsel; as such, the Court appointed standby counsel for trial. Plaintiff fails to articulate how he was prejudiced due only to standby counsel's appearance at trial. The Court determined Plaintiff would be able to effectively represent himself at trial, and throughout trial Plaintiff evidenced that ability as Plaintiff clearly demonstrated his knowledge of the law and facts and standby counsel was able to advise him on court procedures. Moreover, there is no constitutional right to the assistance of counsel in civil cases. *Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). As such, a new trial is not warranted on this basis.

**12. Admission of Jury Instruction Related to Plaintiff's Status as a Convicted Felon**

Plaintiff complains that the Court entered a jury instruction related to his status as a

convicted felon although neither plaintiff nor defendants sought to introduce the same. First, the Court notes that no instruction was provided that indicated Plaintiff was a convicted felon. Further, the Court may provide instructions to the jury that were not introduced by either party. The instruction provided in this case, Jury Instruction #10 (Doc. 273 at 10), was appropriate and necessary in this instance to limit the jury's consideration of evidence that he was convicted of a crime. A new trial is not warranted on this basis.

### 13. Plaintiff's Claim Related to Access to His Legal Boxes

Plaintiff asserts the Court notified him he would not be proceeding on a claim alleging he was denied access to his legal boxes for over a year on the day of trial. He asserts that this claim was dismissed without a motion by defendants. Prior to trial, the Court clarified for Plaintiff that he was not proceeding on a claim related to the denial of access to legal storage as such a claim was dismissed by the Court in its screening order. A new trial is not warranted on this basis.

**IT IS SO ORDERED.**

**DATED: March 27, 2019**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**